**Parna Mehrbani**, OSB No. 053235
  Direct: 503.802.2170
  Email: parna.mehrbani@tonkon.com
**Stephanie Grant**, OSB No. 154957
  Direct: 503.802.5736
  Email: stephanie.grant@tonkon.com
Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
Facsimile: 503.274.8779

  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| PARADE ORGANICS INC., a Canada Corporation,<br><br>        Plaintiff,<br>  v.<br><br>AAI UNSCRIPTED LLC, a Delaware limited liability company,<br><br>        Defendant. | Civil No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Parade Organics Inc., ("Plaintiff") a Canada Corporation, with its principal place of business in British Columbia, Canada, files this Complaint against Defendant, AAI Unscripted LLC ("Defendant"), a Delaware limited liability company, and alleges as follows:

### INTRODUCTION

1. This is a civil action for infringement of Plaintiff's federally registered trademark under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and for unfair

PAGE 1 – COMPLAINT

competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendant's unauthorized use of Plaintiff's PARADE trademark in connection with the marketing and/or selling of goods which are the same or highly related to goods sold by Plaintiff under the same trademark. As set forth below, through Defendant's continuous use of the Plaintiff's trademark, Defendant has willfully infringed Plaintiff's federally registered trademarks and unfairly competed with Plaintiff.  These activities will continue unless enjoined by this Court.

## PARTIES

2. Plaintiff is a corporation organized and existing under the laws of Canada, with its principal place of business in Vancouver, British Columbia, Canada.

3. Defendant is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 1688 Meridian Avenue, Suite 540, Miami Beach, Florida, 33139.

## JURISDICTION

4. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § 1331, § 1338(a) and (b).

5. This Court has personal jurisdiction over Defendant under 28 U.S.C. § 1331 because Defendant has distributed, sold, or offered for sale merchandise under the infringing trademark within and into this state; has engaged in acts or omissions within this state causing injury; has distributed, sold, or offered for sale products used or consumed within this state in the ordinary course of trade; or otherwise has made or established contacts within this state sufficient to permit the exercise of personal jurisdiction.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because the Defendant actively conducts business in this judicial District and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## PLAINTIFF'S TRADEMARK

7. Plaintiff has continuously and regularly used the PARADE Mark in the U.S. in connection with high-quality organic cotton pajamas and lounge clothing for infants and children in a variety of colors and patterns since as early as 2006.

8. Since as early as August 2022, Parade has continuously and regularly used the PARADE Mark in the U.S. in connection with the highly related category of goods of high-quality organic cotton pajamas and loungewear for adults.

9. Plaintiff possess all rights, title, and interest in and to the common law rights subsisting in Plaintiff's PARADE Mark.

10. Plaintiff currently sells, and since 2006 has actively sold, products in the U.S. via its publicly available websites at https://paradeorganics.com/, https://parade.ca, and through Plaintiff's www.amazon.com and www.amazon.ca stores.

11. Plaintiff's use of its PARADE Mark has continued uninterrupted, and Plaintiff has never abandoned its use of the PARADE Mark.

12. Plaintiff prominently displays the PARADE Mark in advertising and promotions, correspondence, social media, website, amazon.com listings, packing, and products.

13. Plaintiff has established extensive goodwill in the PARADE Mark through its marketing and selling of high-quality organic cotton clothing for infants, children, and adults.

14. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the PARADE Mark for nearly 20 years.

PAGE 3 –   COMPLAINT

15. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 6,147,401 on the Principal Register in the United States Patent and Trademark Office for PARADE Mark (the "PARADE Registration") for use in connection with:

"Clothing for babies and children, namely, body suits, rompers, shirts, pants, leggings, pajamas, kimono gowns, and dresses" in International Class 025.

Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's PARADE Registration, which was issued by the United States Patent and Trademark Office on September 8, 2020. The registration of the PARADE Mark is prima facie evidence of the Mark's distinctiveness and validity and of Plaintiff's exclusive right to use the PARADE Mark in connection with the goods recited in the registration.

## DEFENDANT'S INFRINGING MARK

16. Based on the public records of the United States Patent and Trademark Office ("USPTO"), on January 4, 2022, and September 26, 2022, Defendant filed U.S. Application Serial Nos. 97/201,616 and 97/607,657, respectively, for the marks PARADE (word mark) and PARADE & Design (stylized) (together, the "AAI Marks"), both applications for "undergarments made from sustainable fabrics for women" in International Class 25.

17. In its applications, Defendant stated that its first date of use of the AAI Marks in commerce in the U.S. was "at least as early as" October 2019, approximately thirteen years after Plaintiff began using the PARADE Mark.

18. On October 18, 2022, Defendant received non-final Office Actions from the USPTO, refusing registration of its applications on the grounds of likelihood for confusion with Plaintiff's Mark, under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

19. Defendant subsequently revised its applications in response to the United States Patent and Trademark Office's non-final Office Actions. On April 8, 2023, the USPTO issued final Office Actions, again citing likelihood of confusion with the PARADE Registration as the basis for rejecting Defendant's applications.

20. Defendant then sought to cancel the PARADE Registration. On October 4, 2023, Defendant served Plaintiff with a Petition for Cancellation filed before the Trademark Trial and Appeal Board ("TTAB") in the USPTO. Defendant alleged that Plaintiff had abandoned the PARADE Mark with respect to the goods identified in the PARADE Registration. That allegation lacked factual merit.

21. Defendant then tried to leverage that cancellation proceeding to buy time on its failed applications to register the AAI Marks. On October 5, 2023, Defendant submitted a request to the USPTO to reconsider its refusal to register the AAI Marks. The sole basis cited for the reconsideration was AAI's petition to cancel Plaintiff's PARADE Mark.

22. Ultimately, the cancellation proceeding was dismissed with prejudice, after several rounds of correspondence in which Plaintiff explained there was no basis for the cancellation proceeding, and after Plaintiff eventually served a Fed. R. Civ. P. 11 safe harbor letter, attaching a motion for sanctions based on Defendant's failure to investigate, or intentional ignorance to, Plaintiff's use of the PARADE Mark.

### DEFENDANT'S CONTINUED INFRINGEMENT

23. Despite the USPTO denying Defendant's registration on the basis of a likelihood of confusion, and despite its failure to get the PARADE Registration cancelled, Defendant continues to use the infringing AAI Marks in connection with the sale of undergarments, pajamas, and loungewear.

24. Currently, Defendant maintains a website for the sale of its goods under the name Parade, https://yourparade.com/. Additionally, Defendant

PAGE 5 –   COMPLAINT

maintains a virtual Amazon store https://www.amazon.com/stores/Parade/page/ADE1B976-E581-41CA-AAD1-01CA2C8C8841?ref_=ast_bln, continuing to advertise and sell its adult undergarments under the name Parade.  *See* Exhibit 6 attached.

25. Plaintiff has made diligent efforts to remove Defendant's infringing listings from amazon.com, and that effort continues.

26. Defendant's infringing actions have caused actual confusion amongst the consuming public as to the source or origin of Defendant's goods.

27. Defendant's infringing acts as alleged herein are likely to continue to cause confusion, mistake, and deception amongst the consuming public as to the source or origin of Defendant's goods and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated, or affiliated with, or otherwise authorized by Plaintiff.

28. Defendant's acts are willful with intent to trade on the goodwill of Plaintiff's PARADE Mark, cause confusion and deception in the marketplace, and divert potential business from Plaintiff to Defendant.

29. Defendant's aforementioned unlawful acts have caused, and will continue to cause, damages and irreparable harm to Plaintiff and its PARADE Mark, and to the business and substantial goodwill represented thereby, and said acts would continue to damage Plaintiff unless restrained by this Court.

<u>**FIRST CLAIM FOR RELIEF**</u>

<u>**FEDERAL TRADEMARK INFRINGEMENT**</u>

**15 U.S.C. § 1114(1) - Lanham Act § 32**

30. Plaintiff realleges each of the allegations set forth in the foregoing paragraphs as if fully set forth herein.

31. Defendant's unauthorized use in commerce of the AAI Marks and the name "PARADE" as alleged herein is likely to cause confusion, or to cause mistake,

or to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

32. Defendant's use of the "PARADE" mark constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the PARADE Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill, and such conduct is a knowing and willful violation of Plaintiff's rights under 15 U.S.C. § 1114.

34. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and its goodwill and reputation and will continue to damage Plaintiff and confuse the public unless enjoined by this court, for which Plaintiff has no adequate remedy at law.

35. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered damages to its valuable PARADE Mark and other damages in an amount to be proven at trial.

36. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and cost of the action under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a) – Lanham Act §43(a)

37. Plaintiff realleges each of the allegations set forth in the foregoing paragraphs as if fully set forth herein.

PAGE 7 –   COMPLAINT

38. Plaintiff's PARADE Mark is entitled to protection under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Defendant's unauthorized continued use and promotion of the AAI Marks and the name "PARADE," which are confusingly similar to Plaintiff's PARADE Mark, to identify Defendant's goods, is willful. Defendant's acts are intended to cause and are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association between Plaintiff and Defendant's, or as to the origin, sponsorship, or approval by Plaintiff of Defendant's goods.

40. Defendant's unauthorized continued use of the of the AAI Marks and the name "PARADE" constitutes a false description of the origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendant's conduct as alleged herein constitutes unfair competition, at least one of direct, contributory, or vicarious liability for unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Plaintiff has been damaged by Defendant's conduct and will suffer irreparable harm.

43. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34, 35, and 43 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, and 1125, together with prejudgment and post-judgment interest.

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays the Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following requested relief:

1. Declaring that Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, parents subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. manufacturing, displaying, distributing, selling, offering for sale, marketing, advertising, promoting, or authorizing any third party to manufacture, display, distribute, sell, offer for sale, market, advertise or promote articles of clothing or undergarments bearing the mark PARADE or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's PARADE Mark;

    b. engaging in any activity that infringes Plaintiff's rights in its PARADE Mark;

    c. engaging in any activity constituting unfair competition with Plaintiff;

    d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's products are in any manner approved, endorsed, licensed, sponsored,

authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

   e. using or authorizing any third party to use in connection with any article of clothing or undergarments any false description, false representation, or false designation of origin, or any trademarks, names, words, symbols, devices, or trade dress that falsely associate such products with Plaintiff or tend to do so;

   f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark PARADE or any other mark that infringes or is likely to be confused with Plaintiff's PARADE Mark, or any goods of Plaintiff, or Plaintiff as their source; and

   g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

  3. Ordering all distributors, retailers, wholesalers, promoters, advertisers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods to cease the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, packaging, labels, containers, advertisements, signs, displays, and other materials featuring or bearing the mark PARADE or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's PARADE Mark, and to immediately remove them from public access and view.

  4. Directing Defendant to recall and deliver up for destruction all goods, packaging, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark PARADE or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's PARADE Mark.

PAGE 10 – COMPLAINT

5.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

6.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

7.      Directing that Defendant account for and pay to Plaintiff all profits attributable to sales of infringing goods and its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

8.      Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

9.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

10.      Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

11.      Awarding such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims on which it has the right to trial by jury.

DATED: March 22, 2024

TONKON TORP LLP

By: <u>s/ *Stephanie Grant*</u>
Parna Mehrbani, OSB No. 053235
  Direct: 503.802.2170
  Email: parna.mehrbani@tonkon.com
Stephanie Grant, OSB No. 154957
  Direct: 503.802.5736
  Email: stephanie.grant@tonkon.com

Attorneys for Plaintiff

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2023-11-30 13:15:32 EST |
| **Mark:** | PARADE |

# PARADE

| | | | |
|---|---|---|---|
| **US Serial Number:** | 88815510 | **Application Filing Date:** | Feb. 28, 2020 |
| **US Registration Number:** | 6147401 | **Registration Date:** | Sep. 08, 2020 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **TM5 Common Status Descriptor:** |  | LIVE/REGISTRATION/Cancellation/Invalidation Pending  This trademark application has been registered with the Office, but it is currently undergoing a challenge which may result in its removal from the registry. | |
| **Status:** | A cancellation proceeding is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page. | | |
| **Status Date:** | Oct. 04, 2023 | | |
| **Publication Date:** | Jun. 23, 2020 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | PARADE |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Clothing for babies and children, namely, body suits, rompers, shirts, pants, leggings, pajamas, kimono gowns, and dresses | | |
| **International Class(es):** | 025 - Primary Class | **U.S Class(es):** | 022, 039 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Aug. 08, 2006 | **Use in Commerce:** | Aug. 08, 2006 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

**Exhibit 1**
**Page 1 of 3**

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Parade Organics Inc. |
| **Owner Address:** | 231 Cambie Street<br>Vancouver, British Col CANADA V6B5A4 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | CANADA |

## Attorney/Correspondence Information

**Attorney of Record**

| | |
|---|---|
| **Attorney Name:** | PARNA MEHRBANI |
| **Attorney Primary Email Address:** | parna.mehrbani@tonkon.com |
| **Attorney Email Authorized:** | Yes |

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | PARNA MEHRBANI<br>TONKON TORP LLP<br>888 SW FI FTH AVENUE, SUITE 1600<br>PORTLAND, OREGON UNITED STATES 97204-2099 |
| **Phone:** | 503-802-2170 |
| **Correspondent e-mail:** | parna.mehrbani@tonkon.com stephanie.grant@tonkon.com trademark@tonkon.com |
| **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Oct. 04, 2023 | CANCELLATION INSTITUTED NO. 999999 | 83362 |
| Apr. 30, 2021 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Apr. 30, 2021 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Apr. 30, 2021 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Sep. 08, 2020 | REGISTERED-PRINCIPAL REGISTER | |
| Jun. 23, 2020 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jun. 23, 2020 | PUBLISHED FOR OPPOSITION | |
| Jun. 03, 2020 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| May 19, 2020 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| May 18, 2020 | ASSIGNED TO EXAMINER | 92839 |
| Mar. 06, 2020 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Mar. 05, 2020 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | | | |
|---|---|---|---|
| **Current Location:** | PUBLICATION AND ISSUE SECTION | **Date in Location:** | Sep. 08, 2020 |

## Proceedings

**Summary**

| | |
|---|---|
| **Number of Proceedings:** | 1 |

**Type of Proceeding: Cancellation**

| | | | |
|---|---|---|---|
| **Proceeding Number:** | 92083362 | **Filing Date:** | Oct 04, 2023 |
| **Status:** | Pending | **Status Date:** | Oct 04, 2023 |
| **Interlocutory Attorney:** | ANN LINNEHAN VOGLER | | |

Exhibit 1
Page 2 of 3

| | Defendant | | | |
|---|---|---|---|---|
| **Name:** | Parade Organics Inc. | | | |
| **Correspondent Address:** | PARNA MEHRBANI<br>TONKON TORP LLP<br>888 SW FI FTH AVENUE, SUITE 1600<br>PORTLAND OR UNITED STATES , 97204-2099 | | | |
| **Correspondent e-mail:** | parna.mehrbani@tonkon.com , stephanie.grant@tonkon.com , trademark@tonkon.com | | | |

| Associated marks | | | | |
|---|---|---|---|---|
| **Mark** | | **Application Status** | **Serial Number** | **Registration Number** |
| PARADE | | | 88815510 | 6147401 |

| | Plaintiff(s) | | | |
|---|---|---|---|---|
| **Name:** | AAI Unscripted LLC | | | |
| **Correspondent Address:** | DEBORAH L. SHAPIRO<br>MOSES & SINGER LLP<br>405 LEXINGTON AVE<br>NEW YORK NC UNITED STATES , 10174 | | | |
| **Correspondent e-mail:** | trademarks@mosessinger.com , dshapiro@mosessinger.com , rdiamond@mosessinger.com | | | |

| Associated marks | | | | |
|---|---|---|---|---|
| **Mark** | | **Application Status** | **Serial Number** | **Registration Number** |
| PARADE | | | 97201616 | |
| PARADE | | | 97607657 | |

| Prosecution History | | | |
|---|---|---|---|
| **Entry Number** | **History Text** | **Date** | **Due Date** |
| 4 | ANSWER | Nov 10, 2023 | |
| 3 | INSTITUTED | Oct 04, 2023 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Oct 04, 2023 | Nov 13, 2023 |
| 1 | FILED AND FEE | Oct 04, 2023 | |

Exhibit 1
Page 3 of 3